**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CHARLES & VERDELL WILSON, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v.  : | CIVIL ACTION NO. |
| : | 1:10-CV-1234-RWS |
| BB&T MORTGAGE, : | |
| : | |
| Defendant  : | |

**ORDER**

This case comes before the Court on Plaintiffs' Emergency Motion for a Temporary Restraining Order [3], Defendant's Motion to Dismiss [4], Plaintiffs' Motion for the Court to Issue a Memorandum and Order of Findings of Fact [32], and Plaintiffs' Motion to Remand and for Sanctions [33]. After a review of the record, the Court enters the following Order.

**I.    Motion to Remand and Sanctions**

Plaintiffs filed the original complaint in the Superior Court of Fulton County, Georgia alleging that Defendant violated the provisions of the Fair Debt Collection Practices Act, 15 U.S.C . § 1692 *et seq*., and the Real Estate Settlement Procedures Act, 12 U .S .C . § 2601 *et seq*., as well as pendent state

law causes of action.  Defendant properly removed the action to the Northern District of Georgia on April 23, 2010 asserting federal question jurisdiction. (Compl. [1].)  Subsequently, Plaintiffs amended their complaint to drop all federal causes of action and proceed exclusively under state law claims for violations of O.C.G.A. § 11-3-308 and O.C.G.A.§ 44-14-38, 162(b). (Dkt. No. [34].)   Plaintiffs now requests that the Court  remand the case back to the Superior Court of Fulton on the basis that the dismissal of the federal claims divests this Court of subject matter jurisdiction.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 20 U.S.C. § 1447(c).  The Eleventh Circuit has interpreted section 1447(c) to mean "the proper inquiry is ... whether the court had jurisdiction *at the time of removal*." Poore v. American-Amicable Life Ins. Co., 218 F.3d 1287, 1290 (11th Cir.2000), overruled on other grounds (emphasis added).  The statute "prohibits courts from relying on post-removal events in examining subject matter jurisdiction." Id. see also, Burns v. Windsor Insurance Co., 31 F.3d 1092, 1097 n. 13 ("Jurisdictional facts are assessed on the basis of plaintiff's complaint as of the time of removal."); Miedema v. Maytag Corp., 450 F.3d 1322, 1331

2

(11th Cir. 2006).  The United States Supreme Court has also spoken on this issue, explicitly holding that: "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." Rockwell Int'l Corp. v. United States, 549 U.S. 457, 474 n.6 (2007).[1]

There is no dispute that Plaintiff's original complaint asserted federal questions and therefore the Court's jurisdiction over the matter is appropriate. Plaintiffs' subsequent actions to amend the complaint and oust the Court's jurisdiction are unsuccessful.  While Courts have afforded *pro se* litigants some leniency in construing pleadings, *pro se* litigants are nonetheless required to comply with procedural rules.  See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L. Ed. 2d 21 (1993).  Accordingly, Plaintiffs' Motion to Remand [33] to the Superior Court of Fulton County, Georgia is **DENIED**.

---

[1] The Supreme Court held in Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 108 S.Ct. 614, 622 98 L.Ed.2d 720 (1988), that upon dismissal of federal claims, "district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."  In so holding, the Court found that the "district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." Id.  Here, the Court finds that the balance of factors favor retaining jurisdiction over the case rather than remanding it to the Superior Court of Fulton County.

AO 72A
(Rev.8/82)

Further, the Court finds no basis for an imposition of sanctions against Defendant at this time.  Plaintiffs' Motion for Sanctions [33] is **DENIED**.

## II. Plaintiffs' Emergency Motion for a Temporary Restraining Order

Plaintiffs seek an emergency temporary restraining order to prevent a foreclosure on their property. (Dkt. No. [3].)  "The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites," specifically: (1) that there is a substantial likelihood that the movant will ultimately prevail on the merits; (2) that movant will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest. U.S. v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983); Cate v. Oldham, 707 F.2d 1176, 1185 (11th Cir. 1983).  The Court finds that Plaintiffs have not met their burden of demonstrating a substantial likelihood of success on the merits.  The Court has serious reservations regarding allegations of Defendant BB&T's failure to comply with their legal duty.  Accordingly, Plaintiffs' Emergency Motion for a Temporary Restraining Order [3] is **DENIED**.

4

### III. Remaining Motions

Finally, given that Plaintiffs filed a Amended Complaint on May 19, 2010 [34], Defendant BB&T's Motion to Dismiss [4] is **DENIED as moot**. Further, at this stage of the litigation, it is inappropriate for the Court to issue findings of fact. Accordingly, Plaintiffs' Motion for the Court to Issue a Memorandum and Order of Findings of Fact [32] is **DENIED**.

**SO ORDERED** this  29th  day of June, 2010.

_____
**RICHARD W. STORY**
United States District Judge