**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CHARLES & VERDELL WILSON, | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:10-CV-1234-RWS |
| BB&T MORTGAGE, | : |
| Defendant. | : |
| | : |
| | : |
| | : |

**ORDER**

This case comes before the Court on Defendant's Motion to Dismiss the Amended Complaint [40], Plaintiffs' Motion to Strike, for Sanctions, and for Summary Judgment [47], Plaintiffs' Motion for Reconsideration [52], Plaintiffs' Motion to Establish that Defendant Possesses the Burden of Proof [53], Plaintiffs' Motion for Leave to File Amended Motion to Strike [54], Plaintiffs' Motion for Leave to File Amended Motion for Sanctions [55], Plaintiffs' Motion for Leave to File Amended Motion for Summary Judgement [56], Plaintiffs' Motion for Relief to Establish for the Record [59], Plaintiffs' Motion to Establish for the Record that the Note and the Security Deed Were

Not Sold Together [65], Plaintiffs' Motion to Establish that Defendant Does Not Have Legal Standing to Foreclose [66], Plaintiffs' Motion for Relief [68], Plaintiff's Motion to Establish Plaintiff's Proceeding Motions Were Opposed [69], Plaintiffs' Motion to Establish that Defendant Attempted to Illegally Foreclose [70], Plaintiffs' Motion to Establish that Defendant is Not the Holder of the Note [71], Plaintiffs' Motion that Defendant Cannot Produce an Affidavit Without Perjuring Itself [74], Plaintiffs' Motion to Establish Defendant's Lack of Objection [75], Plaintiffs' Motion for Defendant to Verify Debt Prior to Foreclosure [76], Plaintiffs' Motion to Establish that Defendant Has Not Cited Legal Authority [85], Plaintiffs' Motion to Establish Prima Facie Case [86], and Plaintiffs' Motion to Produce the Servicing Agreement [89]. After a review of the record, the Court enters the following Order.

### A. Motion to Dismiss

Plaintiffs filed the original complaint in the Superior Court of Fulton County, Georgia alleging that Defendant violated the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*, as well as pendent state law causes of action. Defendant properly removed the action to the Northern

District of Georgia on April 23, 2010 asserting federal question jurisdiction. Dkt. No. [1]. Defendant moved to dismiss the original complaint. Dkt. No. [4]. Subsequently, Plaintiffs amended their complaint to drop all federal causes of action and proceed exclusively under state law claims for violations of O.C.G.A. § 11-3-308 and O.C.G.A.§ 44-14-38, 162(b), 180. Dkt. No. [34]. Plaintiffs then sought this Court to remand based on lack of subject matter jurisdiction. Dkt. No. [33]. The Court denied the Plaintiffs' motion, stating that jurisdiction was proper at the time of removal, and additionally found Defendant's motion to dismiss moot following the amended complaint filing. Dkt. No. [50].

Defendants now move to dismiss Plaintiffs' amended complaint. In order to remove their federal causes of action, Plaintiffs incorporated by reference the entirety of their preceding complaint and summarily stated that they removed "any and all references to federal law" without stipulating what paragraphs have changed or how they have changed. [Am. Cmpl., Dkt. No. [34] at ¶ 3. Additionally, twenty paragraphs of the original complaint and almost all of the paragraphs in the amended complaint are conclusory statements that Defendants have violated a law followed by a lengthy citation, if not word-for-word

3

reproduction, of the at-issue case or statute on which Plaintiffs wish to rely. Understandably, Defendants argue that the amended complaint–as incorporating by reference the original complaint–constitutes a shotgun pleading that should be dismissed. The Eleventh Circuit has clearly established that shotgun pleadings are an unacceptable form of establishing a claim for relief. <u>Strategic v. Income Fund v. Spear, Leeds & Kellogg</u>, 305 F.3d 1293 (11th Cir. 2002). By definition, a shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." <u>Id.</u> at 1295 n.9. As a result, it is oftentimes difficult to discern which allegations of fact correspond to which defendant or claim for relief.  <u>Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.</u>, 77 F.3d 364, 366 (11th Cir. 1996).

    This Court agrees with Defendant that this is a shotgun complaint. Much of Plaintiffs' initial complaint focuses on Defendant's failure to provide information–facts which correspond to the federal claims which Plaintiffs have now removed. However, because Plaintiffs have not outlined which facts

AO 72A
(Rev.8/82)

support their current claims, Defendants are unable to meaningfully respond to Plaintiffs' assertions.

In some cases the appropriate response to a plaintiff's shotgun pleading is to allow him to amend the complaint to provide greater specificity. However, the Court will go forward with a consideration of the merits of Plaintiffs' allegations, because if the Plaintiffs were to specify which facts correspond to which cause of action and still could not state a claim as a matter of law, amending the Complaint or allowing the Amended Complaint would be futile. For the purposes of this discussion, the Court has reviewed the allegations and facts found within both complaints (as the amended complaint incorporated the first) to determine if Plaintiffs have stated a claim for relief.

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted). However, "[a] pleading

5

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Additionally, because Plaintiff is acting *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263

(11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 2010 WL 3273056, at *2 (11th Cir. August 19, 2010).

As alleged, Plaintiffs have not stated a valid claim for relief. First, Plaintiffs most clearly allege that BB&T failed to respond to their written requests. Am. Cmpl., Dkt. No. [34] at ¶¶ 5, 7; Cmpl., Dkt. No. [1] at ¶ 2. However, Plaintiffs then admit that BB&T responded to their requests and attach BB&T's response which states that the full loan servicing history was sent. Cmpl., Dkt. No. [1] at ¶ 17, Ex. P.

Additionally, Plaintiffs assert that Defendants have failed to "produce the note." However, Plaintiffs have not pointed to any Georgia law which requires Defendants to do so. See Watkins v. Beneficial, HSBC Mortg., 2010 WL 4318898, at *4 (N.D. Ga. Sep. 2, 2010) (noting that nothing in Georgia law requires the a "lender commencing foreclosure proceedings to produce the original note."). Moreover, all of Plaintiffs' actual citations to actionable Georgia law–which this Court will construe as an assertion of a cause of action due to Plaintiffs' *pro se* status–are misplaced. Plaintiffs have cited O.C.G.A. §

7

AO 72A
(Rev.8/82)

44-14-180 but this provision applies only to mortgages, not to Plaintiffs' security deed. Additionally, O.C.G.A. § 11-3-308 is inapplicable because Plaintiffs are not attempting to enforce a promissory note.  As well, Plaintiffs' citation of O.C.G.A. § 44-14-38 is inappropriate as this statute again deals only with mortgages and does not require the recordation of a promissory note as Plaintiffs allege.  Lastly, Plaintiffs ask the Court to force Defendants to comply with O.C.G.A. § 44-14-162(b), however it appears that this issue is not ripe as a foreclosure sale is not imminent and, as a result, Plaintiffs' rights in such a sale have not been violated. As well, that statute only requires the security instrument to be filed "prior to the time of sale." Id.  In sum, even accepting Plaintiffs' allegations as true, Plaintiffs have failed to state a claim.  As such, any amendment would be futile. Therefore, Defendant's Motion to Dismiss [40] is **GRANTED** and Plaintiffs' claims are **DISMISSED**.

### B. Plaintiffs' Motion for Sanctions

Plaintiffs request that Defendant be sanctioned for not initially sending notice of three filings: 1) BB&T's initial Motion to Dismiss [4]; 2) BB&T's certificate of interested parties; and 3) BB&T's Motion to Stay Pretrial Deadlines.  However, Plaintiffs do note that they received the documents after

they alerted Defendant that they did not receive them initially.  As a preliminary matter, this Court notes that Plaintiffs did not follow the 21-day safe-harbor provision in Rule 11(c)(2).  While Courts have afforded *pro se* litigants some leniency in construing pleadings, *pro se* litigants are nonetheless required to comply with procedural rules.  See McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants must comply with procedural rules); Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002).  As such, Plaintiffs' requests for sanctions are improper.[1]

Moreover, Plaintiffs' assertions also fail on the merits.  Even assuming Defendant did not mail Plaintiffs a copy of its motion to dismiss, that motion was deemed moot by this Court.  Thus, Plaintiffs experienced no prejudice. Additionally, Defendant's certificate of interested parties is for the Court's benefit to determine if any attorney must recuse himself and is not a filing which requires Plaintiffs' response. Lastly, the Court–within its discretion–stayed discovery six days after Defendant's motion to stay discovery

---

[1] Plaintiffs also filed a Motion for Leave to File Amended Motion for Sanctions [55]. However, this Motion is entirely a statement of law–much of which is inapplicable–and does not request any affirmative relief.  Plaintiffs do not allege any additional facts or any additional procedural rules that they have attempted to follow. As such, this Motion does not change the sanctions analysis.

9

was filed. See Patterson v. United States Postal Serv., 901 F.2d 927, 929 (11thCir. 1990) (finding that a district court's stay of discovery is not an abuse of discretion).  Plaintiff was not prejudiced by such a stay, especially when Plaintiffs' claims were not proper as a matter of law. Therefore, Plaintiffs' Motion for Sanctions [47] is **DENIED**.

### C. Remaining Motions

Because Plaintiffs' claims have been dismissed, the following motions are now **MOOT**: Plaintiffs' Motion for Reconsideration [52], Plaintiffs' Motion to Establish that Defendant Possesses the Burden of Proof [53], Plaintiffs' Motion for Leave to File Amended Motion to Strike [54], Plaintiffs' Motion for Leave to File Amended Motion for Sanctions [55], Plaintiffs' Motion for Leave to File Amended Motion for Summary Judgement [56], Plaintiffs' Motion for Relief to Establish for the Record [59], Plaintiffs' Motion to Establish for the Record that the Note and the Security Deed Were Not Sold Together [65], Plaintiffs' Motion to Establish that Defendant Does Not Have Legal Standing to Foreclose [66], Plaintiffs' Motion for Relief [68], Plaintiff's Motion to Establish Plaintiff's Proceeding Motions Were Opposed [69], Plaintiffs' Motion to Establish that Defendant Attempted to Illegally Foreclose [70], Plaintiffs'

Motion to Establish that Defendant is Not the Holder of the Note [71], Plaintiffs' Motion that Defendant Cannot Produce an Affidavit Without Perjuring Itself [74], Plaintiffs' Motion to Establish Defendant's Lack of Objection [75], Plaintiffs' Motion for Defendant to Verify Debt Prior to Foreclosure [76], Plaintiffs' Motion to Establish that Defendant Has Not Cited Legal Authority [85], Plaintiffs' Motion to Establish Prima Facie Case [86], and Plaintiffs' Motion to Produce the Servicing Agreement [89].

### D. Conclusion

Defendant's Motion to Dismiss Plaintiffs' Amended Complaint [40] is **GRANTED**.  Therefore, Plaintiffs' claims are **DISMISSED**.  Additionally, Plaintiff's Motion for Sanctions [47] is **DENIED** and all remaining claims within that motion have been rendered **MOOT**.

Additionally, the following motions are also now **MOOT** based on the above dismissal: Plaintiffs' Motion for Reconsideration [52], Plaintiffs' Motion to Establish that Defendant Possesses the Burden of Proof [53], Plaintiffs' Motion for Leave to File Amended Motion to Strike [54], Plaintiffs' Motion for Leave to File Amended Motion for Sanctions [55], Plaintiffs' Motion for Leave to File Amended Motion for Summary Judgement [56], Plaintiffs' Motion for

Relief to Establish for the Record [59], Plaintiffs' Motion to Establish for the Record that the Note and the Security Deed Were Not Sold Together [65], Plaintiffs' Motion to Establish that Defendant Does Not Have Legal Standing to Foreclose [66], Plaintiffs' Motion for Relief [68], Plaintiff's Motion to Establish Plaintiff's Proceeding Motions Were Opposed [69], Plaintiffs' Motion to Establish that Defendant Attempted to Illegally Foreclose [70], Plaintiffs' Motion to Establish that Defendant is Not the Holder of the Note [71], Plaintiffs' Motion that Defendant Cannot Produce an Affidavit Without Perjuring Itself [74], Plaintiffs' Motion to Establish Defendant's Lack of Objection [75], Plaintiffs' Motion for Defendant to Verify Debt Prior to Foreclosure [76], Plaintiffs' Motion to Establish that Defendant Has Not Cited Legal Authority [85], Plaintiffs' Motion to Establish Prima Facie Case [86], and Plaintiffs' Motion to Produce the Servicing Agreement [89].

   **SO ORDERED** this  23rd  day of November, 2010.

                         _____
                         **RICHARD W. STORY**
                         United States District Judge